UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEGINALD NEVILS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:17cv02338 PLC |
| ) | |
| CIT BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Deginald Nevils moves to remand this case to state court, and includes a request for his attorneys' fees and costs under 28 U.S.C. Section 1447(c) [ECF No. 11]. Defendant CIT Bank, N.A., opposes remand and does not expressly address Plaintiff's request for attorneys' fees and costs [ECF No. 15]. Upon careful consideration, the Court denies Plaintiff's motion to remand, including Plaintiff's requests for an award of attorneys' fees and costs.[1]

### Background

Plaintiff seeks declaratory relief for adverse possession (Count I) and monetary relief for unjust enrichment (Count II) regarding approximately four-and-one-half acres of real property located in Warren County, Missouri allegedly occupied and maintained by Plaintiff and his relatives for "more than two decades."[2] Plaintiff filed this lawsuit in the Circuit Court of Warren County, Missouri.

Pursuant to 28 U.S.C. Section 1441(a), Defendant removed the action to this Court asserting the lawsuit falls within this Court's original diversity jurisdiction under 28 U.S.C.

---

[1] The parties consent to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[2] Pl.'s pet'n [ECF No. 5].

Section 1332(a).[3] In its notice of removal, Defendant alleges "Plaintiff is a citizen of the State of Missouri" and Defendant "is a national bank with its main office and headquarters in Pasadena, California."[4] Additionally, Defendant states, Plaintiff seeks $200,000.00 in his prayer for relief.[5] Therefore, Defendant urges, the action satisfies the requirements for this Court to exercise diversity jurisdiction.

Plaintiff moves to remand the case to state circuit court on the ground that complete diversity of citizenship between the parties required by 28 U.S.C. Section 1332(a)(1) does not exist. In support of his argument, Plaintiff asserts he is a citizen of Missouri and Defendant does business in St. Louis. Plaintiff also requests an award of his attorneys' fees and costs under 28 U.S.C. Section 1447(c) "for being compelled to respond to CIT Bank, N.A.'s improvident removal."[6]

## II. Discussion

A. Removal jurisdiction

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). For a civil action involving state law claims, a defendant "may remove [the lawsuit] to federal court only if the action originally could have been filed" in federal court. In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). A federal court has

---

[3] Def.'s notice of removal [ECF No. 1].

[4] Def.'s notice of removal at p. 2 [ECF No. 1].

[5] Def.'s notice of removal at pp. 2-3 [ECF No. 1].

[6] Pl.'s mot. remand at 1 [ECF No. 11].

original diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

To determine the existence of subject matter jurisdiction in a removed lawsuit, a district court reviews the state court petition pending at the time of removal. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938). A court resolves all doubts about federal jurisdiction in favor of remand and, under 28 U.S.C. Section 1447(c), must remand if it appears the federal court lacks subject matter jurisdiction. In re Prempro Prods. Liab. Litig., 591 F.3d at 620. "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." Id.

    1. Diversity jurisdiction – Amount in controversy

The parties do not dispute that the amount in controversy requirement for this Court's diversity jurisdiction is satisfied. Due to the admonition of the United States Court of Appeals for the Eighth Circuit to the district courts to "be attentive to the satisfaction of jurisdictional requirements in all cases," Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987), the Court reviews the record to ascertain whether the amount in controversy requirement is met.

"Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . .' Kopp[ v. Kopp], 280 F.3d [883,] 885 [(8th Cir. 2002)]." Bell v. Hershey Co., 557 F.3d 953, 959 (8th Cir. 2009) (alterations and emphasis in original); accord Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 944 (8th Cir. 2012). A removing defendant may satisfy its burden by "looking at the face of the complaint alone," because the description of how the controversy exceeds the requisite minimum amount in controversy "constitutes 'a pleading requirement, not a demand for proof.'" Hartis, 694 F.3d at 946, 944-45 (for second quotation, quoting Spivey v.

3

Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008)). "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.' [28 U.S.C.] § 1446(c)(2)." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 551 (2014); accord St. Paul Mercury Indem. Co., 303 U.S. at 291 ("the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal").

For his unjust enrichment claim in Count II of the petition, Plaintiff specifically asks that he "be compensated . . . in an amount in excess of $200,000." Defendant does not challenge the request as asserted in bad faith. The amount Plaintiff requested in good faith in his petition exceeds $75,000. Therefore, the amount in controversy requirement for this Court's diversity jurisdiction is satisfied.

2. Diversity jurisdiction – Complete diversity of citizenship

The parties disagree whether there is complete diversity of citizenship between them. While the parties do not dispute that Plaintiff is a citizen of Missouri, they do not agree that Defendant is a citizen of California only. Plaintiff contends Defendant is also a citizen of Missouri. Diversity jurisdiction requires complete diversity of citizenship of the parties, meaning "*each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original); see OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship").

(a.) Individual's state of citizenship

A person's place of residency does not necessarily constitute the person's place of citizenship, because citizenship requires permanence and a person "could . . . be a resident of multiple states . . . [b]ut . . . may be a citizen of just one state." Hargett v. RevClaims, LLC, 854

F.3d 962, 965 (8th Cir. 2017). Therefore, "[a] complaint or notice of removal resting on residency . . . will not establish citizenship for diversity jurisdiction." Id. Importantly, however, an uncontested "allegation [of citizenship] in the notice of removal suffices to show federal jurisdiction" even though the petition contains an allegation of residency only. Id. at 967.

Plaintiff alleges in his petition that "Plaintiffs" "resided on the property" and "occup[ied] the home on the property" at issue here for more than two decades.[7] In its notice of removal, Defendant asserts "Plaintiff is a citizen of the State of Missouri."[8] Plaintiff does not contest that statement and states in his motion to remand that he is "a citizen of Missouri."[9] Therefore, the uncontested statement of citizenship in the notice of removal establishes Plaintiff is a citizen of Missouri for this Court's diversity jurisdiction. See id.

(b.) National bank's state of citizenship

Defendant, with its main office in California, argues there is complete diversity because it is not a citizen of Missouri but, as a national bank, is a citizen of the "state in which it maintains its main offices." Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702 (8th Cir. 2011).[10] Plaintiff counters that complete diversity does not exist because Defendant "does business" in St. Louis, Missouri.[11]

"All national banking associations shall, for purposes of all . . . actions by or against them be deemed citizens of the States in which they are respectively located," except with respect to a

---

[7] Pl.'s pet'n paras. 6, 9 [ECF No. 5].

[8] Def.'s notice of removal para. 7 [ECF No. 1].

[9] Pl.'s mot. remand at 1 [ECF No. 11].

[10] Def.'s opp'n Pl.'s mot. remand at 2-3 [ECF No. 15].

[11] Pl.'s mot. remand at 1 [ECF No. 11].

statutory exception not applicable here. 28 U.S.C. § 1348. In Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006), the United States Supreme Court held that, under Section 1348, a national bank is a citizen of the State in which its main office, as set forth in its articles of association, is located, and not a citizen of every state where it has a branch office. Id. at 307.

Defendant states its main office is located in California. Plaintiff does not dispute the location of Defendant's main office. Therefore, under Wachovia Bank, N.A., Defendant is a citizen of California.[12]

In support of its motion to remand, Plaintiff asserts that the Circuit Court of Warren County is "the *forum conveniens*, and the most appropriate forum for complete adjudication of the issues" because "all the subjects, property, and records" are located in Warren County.[13] Additionally, Plaintiff contends the "improvident removal" forces Plaintiff and the witnesses to "extensive travel costs, hardship, and undue burden." As the Supreme Court observed in its discussion of a national bank's location for subject matter jurisdiction purposes, however, an assessment of convenience is not part of the analysis of subject matter jurisdiction. Id. at 316. Therefore, the Court need not further address Plaintiff's contentions regarding convenience.

Plaintiff also references an earlier lawsuit in Warren County focused on the property at issue here and asserts "any action related to the same property and the same parties would be proper in the Circuit Court of Warren County."[14] The fact an earlier lawsuit was filed in state

---

[12] The Court need not further discuss the factually distinguishable case cited by Defendant, Wells Fargo Bank, N.A., supra. In that case, the Eighth Circuit addressed the location of a national bank's place of citizenship when its main office and its principal place of business are located in two different states. Wells Fargo Bank, N.A., 653 F.3d at 705-10. Here, Defendant asserts its main office and headquarters are both in California.

[13] Pl.'s mem. sup. mot. remand paras. 4 and 5 [ECF No. 12].

[14] Pl.'s mem. sup. mot. remand paras. 1-3 [ECF No. 12].

court regarding the same property has no bearing on whether the Court has removal jurisdiction based on diversity jurisdiction over this separate lawsuit. Nothing in the determination of this Court's subject matter jurisdiction, based on diversity jurisdiction, over a removed case requires consideration of any earlier lawsuit.

Having concluded Plaintiff is a citizen of Missouri and Defendant is a citizen of California, the complete diversity of citizenship requirement for diversity jurisdiction is satisfied. Satisfaction of that requirement and the amount in controversy requirement establishes this Court has diversity jurisdiction over this action. Therefore, Plaintiff's motion to remand is denied.

B. <u>Plaintiff's request for an award of fees and costs</u>

Citing 28 U.S.C. Section 1447(c), Plaintiff seeks an award of his attorneys' fees and costs "for being compelled to respond to CIT Bank, N.A.'s improvident removal."[15] Defendant did not respond to this request.

Section 1447(c) provides that "[a]n <u>order remanding the case</u> may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" (emphasis added). The Court is not ordering remand of this lawsuit. Therefore, the Court need not further address an award of fees and costs under Section 1447(c), and Plaintiff's request for such an award is denied.

### III. Conclusion

Having carefully considered the parties' arguments, the available record, and relevant case law, the Court concludes it has diversity jurisdiction over Plaintiff's removed lawsuit. Accordingly,

---

[15] Pl.'s mot. remand at 1 [ECF No. 11].

**IT IS HEREBY ORDERED** that Plaintiff's motion for remand [ECF No. 11] is **DENIED.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of October, 2017