UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEGINALD NEVILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:17-cv-2338 PLC |
| | ) |
| CIT BANK, NA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the record. In general, this case arises out of disputes regarding real estate in Warren County, Missouri. Earlier this year, the parties were engaged in discovery and Defendant CIT Bank, NA, filed a motion to compel Plaintiff Deginald Nevils' responses to various discovery requests [ECF No. 42] ("second motion to compel"). In its second motion to compel, Defendant also asked the Court (1) for an extension until April 30, 2018, of the deadline for completing mediation, and (2) to amend the Case Management Order ("CMO") to allow Defendant to disclose expert witnesses and complete depositions of its expert witnesses after Plaintiff provided discovery responses. Id.

After Plaintiff filed a response to Defendant's second motion to compel, in which he in relevant part agreed to the April 30, 2018, extension of the mediation deadline, the parties filed a "joint motion for extension of mediation deadline" ("first joint motion") [ECF No. 45]. In their first joint motion, the parties sought an extension of the mediation deadline until May 30, 2018. Id. ¶ 4. To support this request, the parties reported that

> Plaintiff has indicated he is working to obtain financing for a possible repurchase and lien payoff of the property at issue. Plaintiff's potential lender has not completed review, and will not be able to do so prior to the current mediation deadline of April 30, 2018. CIT's representative will be traveling from out of

state for mediation, and it would not be fruitful for him to appear absent a decision from Plaintiff's potential lender.

Id. ¶¶ 1-3. The Court extended the mediation deadline to May 30, 2018, and denied Defendant's second motion to compel without prejudice to refiling, if necessary, after mediation. Order, filed Apr. 24, 2018 [ECF No. 46].

Defendant subsequently filed a motion for amended CMO [ECF No. 47]. In that motion, Defendant stated that

> [t]he parties have not yet set a new mediation date, and it is [Defendant]'s understanding Plaintiff may present a settlement proposal in the near future. If the matter cannot be resolved by May 30, 2018, the parties will need to complete depositions, determine if experts are necessary and prepare for dispositive motions and trial.

Id. ¶¶ 4 and 5. Defendant sought an order amending the CMO to set new deadlines by which Defendant had to disclose its expert witness(es) and expert witness(es) report(s), the parties had to complete depositions of Defendant's expert witness(es); the parties had to complete all discovery; and the parties had to file Daubert motions and dispositive motions. Id. ¶ 8. Defendant reported that Plaintiff "consented to this request." Id. ¶ 9. The Court granted Defendant's consent motion to amend CMO [ECF No. 47] in part, setting forth earlier deadlines than those suggested in the motion and reiterating that the case remained set for jury trial on Monday, January 7, 2019. Order, filed May 14, 2018 [ECF No. 48].

The parties later filed a "joint motion for extension of mediation referral" ("second joint motion") [ECF No. 49] seeking an additional ninety-day extension of the mediation deadline, to August 28, 2018. The parties advised that "they ha[d] not yet set a new mediation date," "Plaintiff is working to obtain financing that will allow him to present a settlement proposal," and "mediation will not be fruitful until Plaintiff is able to determine financing" because "Plaintiff wishes to purchase the property, if possible." Id. ¶¶ 4 and 5. The Court granted the

2

second joint motion so that the mediation deadline was August 28, 2018 and vacated "all deadlines and the trial date" "to be reset after mediation is completed." Order, filed June 4, 2018 [ECF No. 51].

On October 10, 2018, Defendant filed a motion to vacate referral to ADR [ECF No. 52]. Defendant stated, in relevant part:

> [Defendant] recently learned Plaintiff has obtained financing, but [Defendant] does not know whether that financing will be sufficient to effectuate Plaintiff's purchase of the property. Plaintiff has made an offer to purchase the property, which is for less than the market value and which [Defendant] will need to review with Federal National Mortgage Association ("Fannie Mae") [which] is the owner of the property, and is not a party to this lawsuit.

Id. ¶¶ 7-9. Defendant suggested vacating the ADR referral on the grounds (1) ADR "would not be fruitful" due to "purchase of the property" being "the only settlement option," and (2) Defendant's position that "the parties can discuss a potential purchase on their own while moving this case forward." Id. ¶¶ 11 and 12. The Court granted the unopposed motion by a docket text order issued on October 19, 2018 [ECF No. 53].

Since that Order, the parties have not filed any report on settlement efforts or proposed deadlines and a new trial date. Under the circumstances, the Court finds it reasonable to reset various deadlines and reschedule this case for jury trial.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that the following deadlines apply in this proceeding:

(1) No later than **January 18, 2019**, the parties shall file either all documents necessary fully to resolve this matter or a joint statement that the case is not yet fully resolved, and, **if this matter is not fully resolved by January 18, 2019, then**:

(2) The parties shall complete all witness depositions, other than depositions of Defendant's expert witnesses, if any, no later than **February 15, 2019**;

(3) Defendant shall, no later than **March 15, 2019**, disclose all of its expert witnesses and shall provide the reports required by Federal Rule of Civil Procedure 26(a)(2); and shall make its expert witnesses available for depositions, and have depositions completed, no later than **April 15, 2019**;

(4) The parties shall complete all discovery no later than **May 1, 2019**;

(5) The parties shall file any motion to compel and any motion under <u>Daubert v. Merrell Dow Pharm., Inc.</u> 509 U.S. 579 (1993), no later than **May 13, 2019**; and

(6) The parties shall file any motion to dismiss, for summary judgment or for judgment on the pleadings no later than **May 31, 2019**, with any opposition brief filed no later than **June 21, 2019**, and any reply brief filed no later than **July 8, 2019**.

**IT IS FURTHER ORDERED** that this action is re-set for a **JURY** trial on **Monday, November 25, 2019**, at **9:00 a.m.** The provisions of the Order Relating to Trial set forth in the CMO remain in full force and effect with respect to the new trial date.

**IT IS FINALLY ORDERED** that all other provisions of the CMO, other than the provisions regarding mediation, remain in full force and effect.

*/s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of December, 2018